USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX HERNAN PACHA LLUGSHA,

                Petitioner,

-against-

JOHN DOE, et al.,

                Respondents.

25-CV-09373 (MMG)

**<u>ORDER</u>**

MARGARET M. GARNETT, United States District Judge:

On November 10, 2025, a petition for a Writ of Habeas Corpus ("Petition") was filed under 28 U.S.C. § 2241 on behalf of Alex Hernan Pacha Llugsha ("Petitioner"). Dkt. No. 1. The petition alleges that Petitioner was detained and brought to 26 Federal Plaza in Manhattan, New York, on November 10, 2025. The same day, the Court issued an Order to Show Cause requiring Respondents to respond to the Petition by November 14, 2025, Petitioner to reply by November 18, 2025, and all parties to appear for a hearing on November 20, 2025. Dkt. No. 4.

On November 14, 2025, Respondents moved to transfer this matter to the District Court for the District of New Jersey. Dkt. No. 6. The motion included a declaration from Supervisory Detention and Deportation Officer Kareem Johnson. Dkt. No. 8. The declaration avers that Petitioner left 26 Federal Plaza at 1:29 p.m. on November 10, 2025, and was "booked-in at Delaney Hall" in New Jersey 31 minutes later at 2:00 p.m. Dkt. No. 8 ¶ 7. Respondents highlight that the Civil Cover Sheet (Dkt. No. 2) accompanying the Petition indicates that the filing fee for the Petition was paid at 2:17 p.m. on November 10, 2025. Accordingly, Respondents contend, Petitioner was detained in New Jersey when the petition was filed, and the Court must therefore transfer the matter to the District of New Jersey.

In response, Petitioner's representative, Mr. Yuri Hovhannisyan, submitted a letter asking for one week to submit a declaration from his client "regarding the timing of the transfer to New Jersey." Dkt No. 10. The Court granted the request, adjourned the conference, and ordered Petitioner to file a letter on or before December 1, 2025. Dkt. No. 11. The Court has not received any subsequent filing from Petitioner or Mr. Hovhannisyan and will therefore treat Respondents' motion as unopposed.

It is well established that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The district of confinement is the district in which the petitioner is physically present at the time that a habeas petition is filed. *Golding v. Sessions*, No. 18-CV-3036 (RJS), 2018 WL 6444400, at *1 (S.D.N.Y. Dec. 6, 2018).

Here, Respondents have presented evidence that Petitioner was in the District of New Jersey when the Petition was filed. The declaration establishes that Petitioner departed 26 Federal Plaza at 1:29 p.m. and was "booked-in" at the New Jersey detention center at 2:00 p.m. The payment receipt on the Civil Cover Sheet that accompanied the Petition indicates that payment was completed at 2:17 p.m. on November 10, 2025. *See* Dkt. No. 2.

At least one judge in this district has commented that, in the ordinary course, a complaint is only deemed filed when the filing fee is paid. *See Avillan v. Donahue*, No. 12-CV-03370 (AJN), 2013 WL 12084502, at * 1–2 (S.D.N.Y. Feb. 15, 2013). The Court need not decide the legal question of whether the Petition can be deemed filed some time before the moment of payment, however, because it is reasonable to assume that all the necessary acts to "file" the Petition occurred in quick succession before payment was made at 2:17 p.m. Given the physical

location of the New Jersey place of detention and the most direct route from 26 Federal Plaza to that location (facts of which the Court can take judicial notice), there can be no serious dispute, given the record evidence, that Petitioner was in New Jersey at least by approximately 1:50 p.m., nearly half an hour before the filing fee was paid to initiate the Petition.

Accordingly, the Court concludes that New Jersey is the appropriate district of confinement for purposes of adjudicating the Petition and hereby ORDERS that:

1. Respondents' motion to transfer this case to the U.S. District Court of the District of New Jersey (Dkt. No. 6) is GRANTED.

2. The Clerk of Court is respectfully directed to transfer this matter to the District Court for the District of New Jersey forthwith. Consistent with the Government's request, the Clerk of Court is further respectfully directed to transfer this matter immediately, without regard for Local Civil Rule 83.1.

3. To ensure that Petitioner has an opportunity to have this Petition considered by the District of New Jersey, and to preserve the status quo, the Court ENJOINS the Government from removing Petitioner from the District of New Jersey or from the United States unless and until the transferee Court orders otherwise. *See Saamishvili v. Flanagan*, No. 25-CV-09181 (ER), 2025 WL 3090134, at *1 (S.D.N.Y. Nov. 5, 2025).

Dated: December 3, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge